```
              7IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF MARYLAND
```

HOWARD KEVIN KNUSSMAN, et al.  *

        v.                           *       CIVIL NO. B-95-1255

STATE OF MARYLAND,              *
DAVID B. MITCHELL,
DAVID CZORAPINSKI,                   *
RONNIE P. CREEL, and
JILL D. MULLINEAUX                   *

<u>MEMORANDUM</u>

Pending before the Court is Plaintiff's Second Supplemental Fee Petition (Paper 195) filed on September 9, 2002. The total amount sought by plaintiff for attorneys' fees in this petition is $64,380.50, which consists of services since March 1, 2002, relating to the following issues:

    Damages          $33,365.50

    Settlement       $13,826.00

    Attorneys' Fees   $17,189.00

In addition, plaintiff seeks related expenses of $3,101.68 for a total amount of $67,482.18.

                                        I.

On April 28, 1995, Trooper First Class ("TFC") Howard Kevin Knussman and his wife, Kimberly Ann Knussman, filed a three-count complaint on behalf of themselves and their infant daughter, Riley Paige Knussman, against defendants State of

Maryland ("State"), Maryland State Police ("MSP"), Colonel David B. Mitchell, Captain David Czorapinski, First Sergeant Ronnie P. Creel, and Jill D. Mullineaux. Plaintiffs alleged violations of the Fourteenth Amendment and 42 U.S.C. § 1983 (Count I), the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601 et seq., and 42 U.S.C. § 1983 (Count II), and the Maryland Equal Rights Amendment (Count III). Plaintiffs voluntarily dismissed Count III on November 8, 1995.

On August 2, 1996, the Court granted in part and denied in part defendants' motion to dismiss. The Court found that Kimberly and Riley Knussman were not proper plaintiffs to the lawsuit and the Court dismissed the MSP because it is not a "public agency" as defined in § 2611(4)(A)(iii) of the FMLA. Knussman v. State of Maryland, 935 F. Supp. 659, 662, 664-68 (D. Md. 1996). The Court further dismissed Count I as to the State and the individual defendants acting in their official capacities in so far as it sought monetary damages. Id. at 664.

On January 31, 1997, the Court granted plaintiff's motion to add to his complaint (1) a claim of retaliation based on an involuntary transfer, and (2) a new defendant – Captain Donald G. Lewis – who ordered the allegedly retaliatory transfer. On August 13, 1998, on cross-motions for summary judgment, the

Court ruled that Congress did not foreclose FMLA enforcement by actions brought under 42 U.S.C. § 1983, that qualified immunity was appropriate for all the individual defendants on the FMLA claim, that qualified immunity was not appropriate on the Equal Protection claim, and that plaintiff failed to establish a <u>prima facie</u> case of retaliation under the FMLA.[1] <u>Knussman v. State of Maryland</u>, 16 F. Supp.2d 601 (D. Md. 1998).

    The 11-day jury trial proceeded from January 19, 1999 to February 2, 1999 on the Equal Protection count against the individual defendants for both money damages and injunctive and declaratory relief and against all other defendants for injunctive and declaratory relief only.  The trial also proceeded on the FMLA count against the State and the individual defendants in their official capacities for both money damages and injunctive and declaratory relief and against the individuals in their personal capacities for injunctive and declaratory relief only.  Consistent with the verdict of the jury, the Court entered judgment against the State and Czorapinski, Creel, and Mullineaux in their official capacities on the FMLA claim and against Mullineaux in her

---

[1] As a result of the Court's ruling on the retaliation claim, Captain Lewis was dismissed from the suit.

individual capacity on the Equal Protection claim for $375,000, jointly and severally.  The Court also imposed various injunctive and declaratory relief as requested by the plaintiff.

On March 22, 1999, the defendants filed a motion for a judgment or in the alternative for a new trial.  On September 3, 1999, the Court granted the defendant's motion in part and denied it in part.  The Court found that the State and the individual defendants in their official capacities could not be liable for monetary damages.  Accordingly, the Court amended its original judgment and entered judgment in favor of Knussman in the amount of $375,000.00, holding Mullineaux individually liable for the entire damages verdict.

On October 4, 1999, Mullineaux, Ronnie P. Creel, David Czorapinski, David B. Mitchell and the State of Maryland filed their notice of appeal.  The Fourth Circuit affirmed in part and vacated in part the judgement of the district court and remanded the case for further proceedings.  The Court of Appeals affirmed the liability of Mullineaux, but vacated the $375,000.00 damage award as excessive.  See Knussman v. State of Maryland, 272 F.3d 625 (4th Cir. 2001).  On remand, the parties agreed to waive a jury trial and to have the Court determine Knussman's damages based on the trial record.

Following submissions of briefs by the parties, this case was heard by the Court on August 9, 2002. On August 26, 2002, the Court entered its Memorandum Opinion, constituting the Court's findings of fact and conclusions of law pursuant to Rule 52(a) of the Federal Rules of Civil Procedure. The Court awarded plaintiff $40,000 in compensatory damages for the emotional distress caused by Mullineaux's constitutional violation and entered an Amendment of Judgment to that effect on the same date.

II.

Plaintiff's filing of his Second Supplemental Fee Petition followed and was unopposed by the defendants. The Court reviewed the plaintiff's submissions, including the accompanying affidavits, time sheets, and schedules of litigation expenses in light of the well established guiding principles established in this Court in regard to the award of attorneys' fees in civil rights actions. The Court finds that the lodestar elements have been properly ascertained by the plaintiff and, accordingly, the hourly rates sought are reasonable within the guidelines for this Court, Rules and Guidelines for Determining Lodestar Attorneys' Fees in Civil Rights and Discrimination Cases, Appendix B to Local Rules, and all hours expended were reasonable.

However, by letter to counsel dated December 6, 2002, the Court invited further briefing from plaintiff's counsel on his Second Supplemental Fee Petition even though it had not been opposed by defendants. The Court noted its concern that a significant portion of the plaintiff's submissions to the Court on this issue involved an attempt to persuade the Court that the jury verdict of $375,000 should not be disturbed despite the ruling of the Court of Appeals. The Court invited comment as to whether, in this regard, plaintiff's counsel was unsuccessful in its effort to reinstate the jury verdict, in which event the related legal fees incurred might not be recoverable from the defendants. This issue, which had been raised <u>sua sponte</u> by the Court, was fully briefed by the parties and has been carefully considered by the Court.

### III.

The Court of Appeals in it opinion <u>Knussman v. State of Maryland</u>, 272 F.3d 625 (4th Cir. 2001) concluded that the jury's award of $375,000 was excessive. <u>Id</u>. at 642. The Court of Appeals found that plaintiff had

> presented sufficient evidence for the jury
> to conclude that the emotional distress and
> mental anxiety he experienced was a genuine
> injury resulting, at least to some extent,
> from Mullineaux's equal protection
> violation.

and, accordingly, "was entitled to recover some amount of compensatory damages for emotional distress." <u>Id</u>. at 640. The opinion also stated

> The nexus, however, between Mullineaux's unconstitutional conduct and Knussman's emotional injuries is attenuated, and this is a factor for us to consider in assessing whether Knussman's award for emotion is excessive.

<u>Id</u>. at 641, and then added in clarification

> Furthermore, the evidence linked a large portion of Knussman's emotional difficulties to the litigation of this action and, to some extent, the general MSP "grievance process" rather than Mullineaux's unconstitutional conduct.

<u>Id</u>.  Finally in conclusion, the Court stated

> Clearly, Knussman's anxiety and emotional distress in large measure were associated with the litigation of this action or the general grievance process as opposed to the specific constitutional violation at issue.

<u>Id</u>. at 642.  In ordering the remand for a new trial on damages, the Court held

> Knussman is entitled to be compensated for emotional distress caused by Mullineaux's constitutional violation but not for any emotional distress associated with the litigation of this action or his employer's general internal grievance process.

<u>Id</u>.

7

In plaintiff's written submissions to this Court on the damages issue, as well as counsel's oral argument in regard thereto, this Court was urged to give deference to the damage award in the jury's verdict. Counsel articulated that there was no reason to accept the finding of the Court of Appeals that plaintiff's injuries resulted in part from litigation stress.

Counsel for defendants in their written and oral presentations on the issue urged that plaintiff not be awarded significant damages but rather that the award be <u>de minimis</u>, minimal or nominal. Counsel then proffered that the evidence suggested only a low award of damages and, ultimately, that a fair and reasonable award should not exceed $25,000.

Since this Court was of the view that the findings set forth in the opinion of the Court of Appeals were binding on it, it found that submissions of counsel on the issue did not furnish much assistance to the Court in assessment of the damages. Each of the parties took an extreme position. The evidence before the Court, reviewed in light of the Court of Appeals opinion, would not support either a nominal damage award or a reinstatement of the jury verdict of $375,000. Nevertheless, each party did articulate the reasons for rejecting the opposing position and analyzed the evidence on

each side.  Therefore, the submissions, both written and oral, were of some benefit to the Court in reaching its decision. While the Court was unable to adopt plaintiff's untenable position, it was, nevertheless, persuaded that the ultimate award of substantial damages in the amount of $40,000 was appropriate.  The hours expended by plaintiff's counsel on this phase of the litigation was successful to that extent and, accordingly, the Court finds that no reduction in the amount of fees awarded is merited because of plaintiff's lack of success in persuading the Court to reinstate the jury verdict of $375,000.

IV

For all of the foregoing reasons, the Court will grant plaintiff's Second Supplemental Fee Petition in the total amount of $67,482.18.  A formal Order will be entered in accordance with this Memorandum.


<u>April 9, 2003</u>                     /s/
                              Walter E. Black, Jr.
                              Senior Judge

9