J. JOSEPH CURRAN, JR.
ATTORNEY GENERAL

CARMEN M. SHEPARD
DEPUTY ATTORNEY GENERAL

DONNA HILL STATON
DEPUTY ATTORNEY GENERAL

BETTY STEMLEY SCONION
PRINCIPAL COUNSEL

SHARON B. BENZIL
DEPUTY COUNSEL

MARK H. BOWEN
ASSISTANT ATTORNEY GENERAL

DONALD E. HOFFMAN
ASSISTANT ATTORNEY GENERAL

RICHARD M. KASTENDIECK
ASSISTANT ATTORNEY GENERAL

H. SCOTT CURTIS
ASSISTANT ATTORNEY GENERAL

OFFICES OF



THE ATTORNEY GENERAL
DEPARTMENT OF MARYLAND STATE POLICE
1201 REISTERSTOWN ROAD
PIKESVILLE, MARYLAND 21208
(410) 653-4223
FAX (410) 653-4270
TOLL-FREE 1-800-525-5555

November 20, 2003

The Honorable Andre Davis
United States District Court
   for the District of Maryland
101 W. Lombard Street
Baltimore, Maryland 21201

    Re: *H. Kevin Knussman v. State of Maryland, et al.*,
     Civil Action No. B-95-1255

Dear Judge Davis:

  In our appearance before this court in *Knussman* on October 21, 2003, the attorneys for the parties indicated that they had attempted to settle the case amongst themselves and found themselves to be too far apart to reach an agreement on the appropriate amount of attorneys fees. Immediately following that appearance, counsel again briefly spoke about settlement of the case. Plaintiff's counsel gave a "ballpark" figure and ths figure was conveyed to the client for consideration. Additionally, the Court's plan to resolve the issue of attorney's fees first by mediation and, if needed, referral to a Magistrate Judge was also discussed with the State Police.

  We have contacted Plaintiff's counsel to discuss the parties' positions, and they remain significantly apart. There has been no movement on either end which would bring the parties closer to resolution. We find the parties too far apart in their evaluations of the case to come to the table to negotiate this amongst themselves, even with the aid of a mediator.

  This case has exceeded eight years in duration and the Defendants are highly motivated to bring it to a close. The Maryland State Police, however, find Plaintiff's demand for fees and costs to be overreaching in light of the particular history of this case and in view of the decision of the 4th Circuit Court of Appeals regarding Plaintiff's overall level of success throughout the case. Accordingly, while the Defendants appreciate the value of mediation in most cases, we believe that it will not be productive in this case. Defendants seek to bring this to your attention at this juncture

The Honorable Andre Davis
November 20, 2003
Page 2

rather than after numerous attorney hours and expense have accrued in preparation for mediation.[1]

    Thus, Defendants respectfully request that the Court modify its schedule to eliminate the mediation, and proceed directly to adjudication of the attorney's fees issue.

                                     Respectfully submitted,

                                     Betty Stemley Sconion
                                     Assistant Attorney General
                                     Counsel for Defendants

cc:    All Counsel

---

[1] On November 7, 2003, Defendants received a quarterly statement from Plaintiff's counsel indicating the accrual of fees more than $18,000 for 89 hours during the period of April 1 through September, 2003. Briefing before the 4th Circuit was completed on February 27, 2003 and oral argument was held on May 8, 2003. Plaintiff did not prevail on appeal or on his subsequent motion for rehearing and rehearing *en banc*; Plaintiff's counsel has nevertheless indicated his intent to seek reimbursement of these fees.