IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | | |
|---|---|---|
| H. KEVIN KUSSMAN, | : | |
| Plaintiff, | : | |
| v. | : | Civil Action No. AMD-95-1255 |
| STATE OF MARYLAND, *et al.*, | : | |
| Defendants. | : | |

\* \* \* \*   ooo0ooo   \* \* \* \*

**PLAINTIFF'S RESPONSE TO DEFENDANTS'
"MOTION FOR ORDER SETTING BRIEFING SCHEDULE"**

Plaintiff Howard Kevin Knussman, reluctantly, does not oppose defendants' motion for an extension of time to respond to plaintiff's fee petition, which defendants have captioned as a "Motion for Order Setting Briefing Schedule."

This is but the latest example of defendants ignoring deadlines in this case, which has contributed to its length and expense. Plaintiff's counsel's recollection of the telephonic status conference differs from that of defense counsel. Plaintiff's counsel recalls the court instructing that the briefing would proceed under the usual timetable, with a response due fourteen plus three days after filing (i.e. on March 29) under Local Rule 105.2. Defendants have waited until after 8 p.m. on the final day to ask for a 24-day extension of time.

Defendants attempt to imply – erroneously and without foundation – that plaintiff failed to serve the exhibits in this case properly. Defendants implicitly acknowledge that, in addition to electronically filing the Fee Petition on March 12, plaintiff on that day mailed a copy of the exhibits to defendants' lead counsel, Ms. Sconion. Defendants do not dispute that Ms. Sconion received those exhibits timely by mail. Apparently, the two offices of the Attorney General

involved in this case are not communicating. Mr. Brockman states in defendants' motion that he obtained copies of the exhibits on March 24. He fails to mention that he obtained the exhibits from his co-counsel, Ms. Sconion, who had received them approximately ten days earlier. Mr. Brockman complains that the exhibits were not also served on him, but Ms. Sconion has served as lead counsel in this court throughout this litigation, and Ms. Dove explicitly informed plaintiff's counsel that Ms. Sconion would be taking the lead on the fee petition on remand. The cover letters sending the exhibits to this Court and to the clerk list only Ms. Sconion as receiving a courtesy copy, so she, at least, should have been aware that hers was the sole copy for the defendants.

    As defendants state in their motion, plaintiff's counsel offered them an extra eight days for their response, until April 6, but is constrained by prior commitments in the last three weeks of April (including an out-of-town conference, a major brief, two lengthy depositions, and a trial the week of April 26). Nonetheless, while regretting the additional delay, plaintiff does not oppose the motion.

                        Respectfully submitted,

                        /s/
                        Andrew D. Freeman, Bar No. 03867
                        Brown, Goldstein & Levy, LLP
                        120 E. Baltimore Street, Suite1700
                        Baltimore, Maryland 21202
                        (410) 962-1030

                        Counsel for Plaintiff