Westlaw.

65 F.Supp.2d 353
5 Wage & Hour Cas.2d (BNA) 1005
**(Cite as: 65 F.Supp.2d 353)**

United States District Court, D. Maryland.

Howard Kevin KNUSSMAN
v.
State of MARYLAND, Colonel David B. Mitchell, Captain David Czorapinski, First Sergeant Ronnie P. Creel, Jill D. Mullineaux,

**Civil No. B-95-1255.**

Sept. 3, 1999.

State police employee brought action against state and various state police officials, asserting violation of Family Medical Leave Act (FMLA) and § 1983 claims for equal protection and FMLA violations. Following jury verdict for plaintiff, defendants moved for judgment as matter of law or for new trial. The District Court, Walter E. Black, Jr., Senior Judge, held that: (1) damages for emotional distress and plaintiff's lost time with his newborn daughter were not recoverable under FMLA; (2) defendants did not waive Eleventh Amendment immunity with respect to plaintiff's § 1983 claim for money damages; (3) damages were not excessive; and (4) state personnel officer was not entitled to qualified immunity.

Motion granted in part and denied in part.

West Headnotes

**[1] Federal Civil Procedure** 2111
170Ak2111 Most Cited Cases

Because judgment as matter of law deprives non-moving party of determination of facts by jury, it should be granted sparingly. Fed.Rules Civ.Proc.Rule 50(b), 28 U.S.C.A.

**[2] Civil Rights** 1501
78k1501 Most Cited Cases
(Formerly 78k273, 78k271)

Consequential damages arising from state employer's violation of Family Medical Leave Act (FMLA), including emotional distress and employee's lost time with his newborn daughter, were not recoverable under FMLA. Family and Medical Leave Act of 1993, § 107, 29 U.S.C.A. § 2617.

**[3] Federal Courts** 269
170Bk269 Most Cited Cases

Money damages are not recoverable against state and its officials acting in their official capacities under § 1983 since there is no abrogation of states' Eleventh Amendment immunity. 42 U.S.C.A. § 1983.

**[4] Federal Courts** 266.1
170Bk266.1 Most Cited Cases

State and state officials in their official capacities did not waive Eleventh Amendment immunity with respect to state employee's § 1983 claim for money damages by submitting to trial on that claim, where state and officials squarely raised sovereign immunity defense in their first responsive papers and continued to assert defense throughout proceedings. U.S.C.A. Const.Amend. 11; 42 U.S.C.A. § 1983.

**[5] Federal Courts** 266.1
170Bk266.1 Most Cited Cases

State's act of submitting to trial without raising Eleventh Amendment immunity defense is not enough to constitute waiver of that defense. U.S.C.A. Const.Amend. 11.

**[6] Federal Courts** 266.1
170Bk266.1 Most Cited Cases

State defendants who raise sovereign immunity defense before trial will not have waived defense by merely submitting to trial in federal court. U.S.C.A. Const.Amend. 11.

**[7] Civil Rights** 1501
78k1501 Most Cited Cases
(Formerly 78k274)

Jury damage award of $375,000 for emotional damages caused by state employer's failure to grant Family Medical Leave Act (FMLA) leave to male employee because of his gender was not excessive, given evidence that, as result of denial of FMLA leave,

employee had difficulty interacting and concentrating at work, suffered sleeplessness, chest pains, and anxiety, sought counseling and was prescribed medication for his emotional condition. U.S.C.A. Const.Amend. 14; Family and Medical Leave Act of 1993, § 2 et seq., 29 U.S.C.A. § 2601 et seq.; 42 U.S.C.A. § 1983.

**[8]** Civil Rights 🔑1430
78k1430 Most Cited Cases
(Formerly 78k244)

Whether state personnel officer in management division should have recognized that she was applying gender neutral leave statute in discriminatory manner by making only men prove they were primary care givers to newborn or adopted child presented question for jury, for purposes of determining whether personnel officer was entitled to qualified immunity from employee's § 1983 equal protection claim. U.S.C.A. Const.Amend. 14; Family and Medical Leave Act of 1993, § 2 et seq., 29 U.S.C.A. § 2601 et seq.; 42 U.S.C.A. § 1983.

 *354 Robin R. Cockey, Salisbury, MD, Deborah A. Jeon, Centreville, MD, Sara L. Mandelbaum, New York City, for plaintiff.

Betty Stemley Sconion, Assistant Attorney General, Donald E. Hoffman, Assistant Attorney General, Pikesville, MD, for defendants.

OPINION

WALTER E. BLACK, Jr., Senior District Judge.

Presently pending before the Court is Defendants' Motion for Judgment, or in the Alternative, for a New Trial, pursuant to Rules 50(b) and 59 of the Federal Rules of Civil Procedure. On April 28, 1995, Trooper First Class ("TFC") Howard Kevin Knussman and his wife, Kimberly Ann Knussman, filed a three-count complaint on behalf of themselves and their infant daughter, Riley Paige Knussman, against defendants State of Maryland ("State"), Maryland State Police ("MSP"), Colonel David B. Mitchell, Captain David Czorapinski, First Sergeant Ronnie P. Creel, and Jill D. Mullineaux. Plaintiffs alleged violations of the Fourteenth Amendment and 42 U.S.C. § 1983 (Count I), the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601 *et seq.*, and 42 U.S.C. § 1983 (Count II), and the Maryland Equal Rights Amendment (Count III). Plaintiffs voluntarily dismissed Count III on November 8, 1995.

On August 2, 1996, the Court granted in part and denied in part defendants' motion to dismiss. The Court found that Kimberly and Riley Knussman were not proper plaintiffs to the lawsuit and the Court dismissed the MSP because it is not a "public agency" as defined in § 2611(4)(A)(iii) of the FMLA. *Knussman v. State of Maryland,* 935 F.Supp. 659, 662, 664-68 (D.Md.1996). The Court further dismissed Court I as to the State and the individual defendants acting in their official capacities insofar as it sought monetary damages. *Id.* at 664.

On January 31, 1997, the Court granted plaintiff's motion to add to his complaint (1) a claim of retaliation based on an involuntary transfer, and (2) a new defendant-Captain Donald G. Lewis-who ordered the allegedly retaliatory transfer. On August 13, 1998, on cross-motions for summary judgment, the Court ruled that Congress did not foreclose FMLA enforcement by actions brought under 42 U.S.C. § 1983, **\*355** that qualified immunity is appropriate for all the individual defendants on the FMLA claim, that qualified immunity is not appropriate on the Equal Protection claim, and that plaintiff failed to establish a *prima facie* case of retaliation under the FMLA. [FN1] *Knussman v. State of Maryland,* 16 F.Supp.2d 601 (D.Md.1998).

> FN1. As a result of the Court's ruling on the retaliation claim, Captain Lewis was dismissed from the suit.

The 11-day jury trial proceeded from January 19, 1999 to February 2, 1999 on the Equal Protection count against the individual defendants for both money damages and injunctive and declaratory relief and against all other defendants for injunctive and declaratory relief only. The trial also proceeded on the FMLA count against the State and the individual defendants in their official capacities for both money damages and injunctive and declaratory relief and against the individual defendants in their personal capacities for injunctive and declaratory relief only. Consistent with the verdict of the jury, the Court entered judgment for $375,000, jointly and severally, against the State and Czorapinski, Creel, and Mullineaux in their official capacities on the FMLA claim and against Mullineaux in her individual capacity on the Equal Protection claim. The Court also granted various injunctive and declaratory relief as requested by the plaintiff.

Defendants present the following in their pending motion: (1) the damage award against the State is invalid because it is beyond the scope of FMLA damages and there is no derivative § 1983 claim available, the Court having previously ruled the

Eleventh Amendment bars a monetary damage award against the State under Count I; (2) the damage award is excessive in light of the evidence presented and as a matter of law; and (3) defendant Mullineaux is entitled to qualified immunity on Count I as a matter of law.

I.

Defendants first argue that the damage award against the State under the FMLA claim is invalid. Defendants assert that 29 U.S.C. § 2617(a) lists the types of damages recoverable under the FMLA including lost wages, salary employment benefits, and actual monetary losses. According to defendants, in enacting the FMLA, Congress did not intend to subject the states or their officials in their official capacities to any additional monetary liability other than that provided for in § 2617(a).

Specifically, defendants assert that the claims of emotional distress and lack of bonding with his newborn child are not recoverable under the FMLA and cannot be recovered by use of a derivative § 1983 action, but even if a § 1983 action is applicable here, there is no express or implied abrogation of sovereign immunity under the Eleventh Amendment beyond those types of damages enumerated in the FMLA. Defendants maintain that the FMLA's detailed remedial scheme implies a congressional intent to prohibit derivative § 1983 actions. Defendants contend that since TFC Knussman did not prove any lost employment benefits or actual monetary damages, the damages awarded as to Count II are outside the scope of FMLA damages and should be set aside. Even if the § 1983 claim is not foreclosed by the FMLA, however, defendants also argue that § 1983 damages are barred by sovereign immunity against the State and the individual defendants in their official capacities. Moreover, defendants note that although the damage award includes damages for gender discrimination under Count I, the State and its officials in their official capacities are not liable for these damages.

Alternatively, defendants argue that the damage award should be reduced because it is excessive in light of the evidence and as a matter of law. Defendants contend **\*356** that the weight of the evidence of emotional distress does not support an award of $375,000 and that there was no evidence of any impact on TFC Knussman's ability to bond with Riley due to lost time with her as a newborn.

Finally, defendants argue that defendant Mullineaux is entitled to qualified immunity as to Count I like the other individual defendants because there is no settled law on the specific gender discrimination in this case, and that Mullineaux's particular actions in this case clearly violated Fourteenth Amendment rights is unclear at best.

II.

[1] Because judgment as a matter of law deprives the non-moving party of a determination of the facts by a jury, it should be granted sparingly. 9A Charles Alan Wright and Arthur R. Miller, *Federal Practice and Procedure: Civil 2d* § 2524, at 252 (1995). Indeed, the Fourth Circuit has held that a motion for judgment notwithstanding the verdict, made pursuant to Rule 50(b) of the Federal Rules of Civil Procedure, which is now entitled "Renewal of Motion for Judgment After Trial," "should not be granted unless the evidence is so clear that reasonable men could reach no other conclusion than the one suggested by the moving party." *Persinger v. Norfolk & Western Ry. Co.,* 920 F.2d 1185, 1189 (4th Cir.1990); *see also Cline v. Wal-Mart Stores, Inc.,* 144 F.3d 294, 301 (4th Cir.1998) (holding that denial of motion for judgment after trial will be affirmed if " 'giving [the non-movant] the benefit of every legitimate inference in his favor, there was evidence upon which a jury could reasonably return a verdict for him ....' " (internal quotations omitted)).

Rule 59 of the Federal Rules of Civil Procedure provides for the granting of new trial in cases tried by jury:

> A new trial may be granted to all or any of the parties and on all or part of the issues ... in an action in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States ....

Fed.R.Civ.P. 59(a). The Fourth Circuit has made clear that the granting of a new trial under Rule 59 is a matter of discretion with the trial court and will only be reversed for abuse of discretion. *Gill v. Rollins Protective Servs. Co.,* 836 F.2d 194, 196 & n. 1 (4th Cir.1987). However, "[c]ourts do not grant new trials unless it is reasonably clear that prejudicial error has crept into the record or that substantial justice has not been done, and the burden of showing harmful error rests on the party seeking the new trial." 11 Charles A. Wright, Arthur R. Miller and Mary Kay Kane, *Federal Practice and Procedure: Civil 2d* § 2803, at 46-47 (1995); *see also Cline,* 144 F.3d at 301 ("A new trial will be granted if (1) the verdict is against the clear weight of the evidence, or (2) is based upon evidence which is false, or (3) will result in a miscarriage of justice ...." (internal quotations omitted)).

III.

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

A. *Count II Damages Issues*

The Court will first address issues related to Count II. Count II was filed against the State and the individual defendants in both their official and individual capacities for violations of the FMLA under both § 2617 of the FMLA and § 1983. On summary judgment, the Court dismissed Count II against Colonel Mitchell and granted qualified immunity to the three other individuals in their individual capacities leaving the State and the three remaining individuals in their official capacity subject to liability for damages and injunctive and declaratory relief.

[2] Now that the trial has concluded and a verdict rendered, the Court finds that TFC Knussman did not prove any of the enumerated damages in § 2617 of the FMLA. Rather, TFC Knussman presented evidence of emotional distress and lost time with his newborn daughter as consequential ***357** damages resulting from the defendants' FMLA violations. Such damages, however, are not recoverable by way of the limited list of available damages in § 2617 of the FMLA and thus TFC's only recourse for money damages is recovery under § 1983.

Defendants renew their argument that the FMLA forecloses a derivative § 1983 action and submit a 1999 Fourth Circuit opinion holding that the comprehensive remedial scheme in the Fair Labor Standards Act ("FLSA") prohibits enforcement of those rights by a § 1983 action. See *Kendall v. City of Chesapeake, Virginia,* 174 F.3d 437, 443 (4th Cir.1999). Defendants rely on this new case as further support for their argument that the FMLA forecloses a § 1983 action because the remedial scheme of the FMLA is similarly comprehensive as the FLSA's scheme. Defendants point out that the Court relied on a previous comparison of the FMLA to the FLSA to support its ruling that, in enacting the FMLA, Congress intended to abrogate the states' Eleventh Amendment immunity.

At the summary judgment stage in 1998, the Court ruled on this issue, on the basis of the law as it existed at the time, that the FMLA does not foreclose a derivative § 1983 action. The *Kendall* case adds the FLSA to the small list of federal statutes which prohibit derivative § 1983 actions. Although the Court has compared the FMLA and the FLSA in a prior ruling, the comparison was made in a distinctly different context. The Court recognizes that the two statutes are similar in some ways, but dissimilar in others such as in comparing the scopes of the substantive rights protected and Congress's intent with respect to available remedies outside the statutes themselves. The law is not so clear in light of the *Kendall* case alone to warrant the Court changing its opinion on this issue in which it carefully analyzed the various arguments and existing case law.

[3] Nevertheless, money damages are not recoverable against a state and its officials acting in their official capacities under § 1983 alone because there is no abrogation of the states' Eleventh Amendment immunity. See *Will v. Michigan Dept. of State Police,* 491 U.S. 58, 66, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989) (holding that Congress did not intend to disturb the states' Eleventh Amendment protection in passing § 1983).

As the Court discussed in its opinion of August 13, 1998, the Eleventh Amendment bars suits against the state and its officials in their official capacities for money damages absent waiver or abrogation of immunity by Congress. *Knussman,* 935 F.Supp. at 662-63 (citing *Edelman v. Jordan,* 415 U.S. 651, 663, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974)). Moreover, the Supreme Court has ruled that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will,* 491 U.S. at 71, 109 S.Ct. 2304. Consequently, states and their officials acting in their official capacities cannot be sued for money damages under § 1983. See *Lynn v. West,* 134 F.3d 582, 587 (4th Cir.1998) (finding plaintiff barred from recovering monetary damages in § 1983 suit from state officials acting in their official capacities because the state treasury would be affected and Eleventh Amendment immunity protects the states from § 1983 suits), *cert. denied,* 525 U.S. 813, 119 S.Ct. 47, 142 L.Ed.2d 36 (1998).

Plaintiff, however, vigorously argues that defendants have waived their Eleventh Amendment immunity defense as to the § 1983 claim in Count II. Specifically, according to plaintiff, failing to preserve their sovereign immunity position and submitting to trial on the claim after this Court ruled that plaintiff could proceed on his derivative § 1983 claim in Count II constituted a valid waiver of immunity.

This case involved two claims brought under § 1983--one for violations of equal protection in Count I and another for violations of the FMLA in Count II. Count II was also brought directly under the private enforcement section of the FMLA. See § 2617. In their answer to the ***358** amended complaint, defendants clearly asserted an affirmative defense of Eleventh Amendment immunity to money damages sought against the state and the individuals in their official capacities under § 1983.

Defendants filed a motion to dismiss contemporaneous with their answer on October 16, 1995 also raising the

Eleventh Amendment immunity defense to the § 1983 claims in Counts I and II. In ruling on defendants' motion to dismiss, the Court determined that Congress intended to abrogate the states' Eleventh Amendment immunity in enacting the FMLA and therefore "Count II as to the State of Maryland and the individuals in their official capacities for violations of the FMLA cannot be dismissed at this time as barred by the Eleventh Amendment." *Knussman,* 935 F.Supp. at 663.

In addition, the Court ruled that "plaintiff's claims under § 1983 against the State of Maryland and the individual defendants in their official capacities are barred by the Eleventh Amendment to the extent they seek money damages." *Id.* The Court concluded, stating that "Count I ... is dismissed insofar as it seeks anything other than prospective relief" because the § 1983 claim was the vehicle to recover money damages from defendants under Count I. *Id.* at 664. Count II was left undisturbed against all defendants for both money damages and equitable relief because the Court ruled that damages under the FMLA are not barred by the Eleventh Amendment. At the time of the motion to dismiss, it was not clear to the Court the nature of damages to be proven by plaintiff under Count II and therefore recoverable damages could still be asserted against all defendants.

In ruling on the parties' cross-motions for summary judgment on August 13, 1998, the Court held that in enacting the FMLA, Congress did not intend to foreclose a derivative § 1983 suit for consequential damages. [FN2] *Knussman,* 16 F.Supp.2d at 609-10. The Court thus permitted plaintiff to pursue its § 1983 claim under Count II for damages. *Id.* Later in that same opinion, however, the Court found that the individual defendants in their individual capacities are entitled to qualified immunity for the FMLA violations. *Id.* at 610-11. The Court was then still unsure of the nature of damages to be proven by plaintiff under Count II and whether they included recoverable damages from the State and the individual defendants in their official capacities.

> FN2. The FMLA provides damages limited to lost wages, salary, employment benefits or "any actual monetary losses sustained by the employee as a direct result of the violation" plus interest and liquidated damages if appropriate. § 2617(a)(1)(A).

[4] It is at this juncture in the proceedings that plaintiff suggests that defendants should have preserved their Eleventh Amendment immunity as to the § 1983 claim in Count II by some additional affirmative act. The Court finds that such a further step was not required. Defendants squarely raised the sovereign immunity defense in their first responsive papers filed with the Court and continued to assert a defense as to the § 1983 claim in Count II. In fact, by arguing that the FMLA forecloses a § 1983 claim altogether, defendants actually asserted a broader defense than sovereign immunity. The Court rejected this broader argument and the case proceeded to trial on the FMLA claim in the face of defendants' clear and repeated opposition. Furthermore, the Court's statement as to the Eleventh Amendment bar to damages under § 1983 against the State and the individuals in their official capacities in its August 2, 1996 opinion was sufficient to give defendants a reasonable understanding that money damages could not be recoverable against the State and the individual defendants in their official capacities under § 1983 in either count.

The Court finds that the case law on waiver of Eleventh Amendment immunity does not extend a waiver doctrine to cases like this one where defendants raised the defense at the earliest stage of the proceedings **359 and thereafter throughout the proceedings. In *Atascadero State Hosp. v. Scanlon,* the Supreme Court specifically stated that to find constructive or implied waiver by conduct "we require an *unequivocal indication* that the State intends to consent to federal jurisdiction that would otherwise be barred by the Eleventh Amendment." 473 U.S. 234, 238 n. 1, 105 S.Ct. 3142, 87 L.Ed.2d 171 (1985) (emphasis added). Examples in some circuits of this "unequivocal indication" of consent to suit by a state include: removing a case to federal court, *Sutton v. Utah State Sch. for the Deaf & Blind,* 173 F.3d 1226 (10th Cir.1999); *Newfield House, Inc. v. Massachusetts Dep't of Pub. Welfare,* 651 F.2d 32, 36 n. 3 (1st Cir.), *cert. denied,* 454 U.S. 1114, 102 S.Ct. 690, 70 L.Ed.2d 653 (1981); voluntarily filing a claim in federal court, *In re Platter,* 140 F.3d 676, 680 (7th Cir.1998); and filing a counterclaim and third-party complaint in federal suit, *Paul N. Howard Co. v. Puerto Rico Aqueduct Sewer Auth.,* 744 F.2d 880, 886 (1st Cir.1984). See *Hill v. Blind Industries and Services of Maryland,* 179 F.3d 754, 756-57 (9th Cir.1999). These circumstances where some courts have found a waiver occurred involve affirmative actions taken by the states for their own benefit in the proceedings. Here, there is no affirmative action taken by the defendants to take advantage of the suit for its own benefit and thus the circumstances of this case do not rise to waivable conduct under the foregoing case law. The Ninth Circuit has recently gone so far as to find an arm of the State to have waived its Eleventh Amendment immunity by mere active litigation of an action on the merits in federal court where it did not assert the defense prior to

trial. *Hill,* 179 F.3d 754, 755; *cf. Wichmann v. Bd. of Trustees of Southern Illinois University,* 180 F.3d 791, 797 (7thCir.1999)(holding that the sovereign immunity defense may be raised for the first time on appeal). Although based on a clear minority view, that case is also factually distinguishable from this case where defendants clearly raised the defense numerous times prior to trial.

[5][6] At most, defendants' conduct could be interpreted as an inadvertent failure to renew their Eleventh Amendment immunity defense, which no Court has held constitutes a valid waiver. In fact, there is no binding case law that interprets constructive waiver to include anything remotely resembling the circumstances in this case. Justice Kennedy in his concurrence to *Wisconsin Dep't of Corrections v. Schacht,* 524 U.S. 381, ----, 118 S.Ct. 2047, 2054-55, 141 L.Ed.2d 364 (1998) encourages the Supreme Court to adopt a rule that removal by a state defendant constitutes waiver; however, he acknowledges that this issue has not been before the Court. Justice Kennedy states that the Supreme Court "has said the Eleventh Amendment bar may be asserted for the first time on appeal, so a State which is sued in federal court does not waive the Eleventh Amendment simply by appearing and defending on the merits." *Id.* 118 S.Ct. at 2055 (citing *Florida Dep't of State v. Treasure Salvors, Inc.,* 458 U.S. 670, 683 n. 18, 102 S.Ct. 3304, 73 L.Ed.2d 1057 (1982) (plurality opinion); *Calderon v. Ashmus,* 523 U.S. 740, ---- n. 2, 118 S.Ct. 1694, 1697 n. 2, 140 L.Ed.2d 970 (1998)). The law as it stands, in spite of Justice Kennedy's comments, is clear that submitting to trial without raising the Eleventh Amendment immunity defense is not enough to constitute waiver. In light of the current state of Supreme Court law on this issue, defendants who raise the sovereign immunity defense before trial [FN3] will **\*360** not have waived it by merely submitting to trial in federal court, and accordingly the Court rejects plaintiff's argument that such a waiver occurred here.

> FN3. Moreover, defendants raised the issue again in their Rule 50 motion for judgment at the conclusion of the trial, arguing that plaintiff did not prove any damages recoverable under the FMLA and thus cannot recover damages for FMLA violations by means § 1983 because § 1983 damages are barred against the State and the individuals in their official capacities by the Eleventh Amendment. The Court denied their motion and submitted the case to the jury.

In this case where TFC Knussman did not prove damages within the scope of the FMLA and where he is barred from recovering money damages from the State and the individual defendants in their official capacities under § 1983 by virtue of the Eleventh Amendment, no damages are available against the remaining defendants under Count II.

Accordingly, the Court will grant in part defendants' motion for judgment after trial and amend the judgment to remove the State and the individual defendants in their official capacities from liability for money damages.

B. *Excessiveness of Damages Issue*

[7] Defendants alternatively argue that the damage award is excessive and should therefore be reduced. The Court finds it inappropriate to disturb the jury's damage award in this case where it is not against the clear weight of the evidence nor is it excessive as a matter of law. TFC Knussman presented considerable evidence of the emotional damages he sustained. TFC Knussman himself testified to his damages including, *inter alia,* difficulties interacting with co-workers, constant ruminating, sporadic attention at work, sleeplessness, chest pains and heart palpitations, anxiety, and feelings of hopelessness. This testimony was corroborated by his treating psychologist, Dr. Susan Toler. There is evidence in the record that TFC Knussman sought counseling and medical treatment from several physicians and was prescribed medication for his emotional condition. From the evidence presented, a jury could reasonably find that defendants' conduct caused TFC Knussman significant damage. The Court is not in a position to impinge on the province of the jury in this case and second guess the verdict where there was ample evidence of emotional damage.

Moreover, the cases cited by defendants to support their request for a reduction in damages are not persuasive as they are not sufficiently similar in circumstances to this case. In those cases, the evidence presented fell significantly short of the quality and quantity of evidence presented by TFC Knussman of his emotional damages. *See Cline v. Wal-Mart Stores, Inc.* 144 F.3d 294 (4th Cir.1998) (reducing award from $117,500 to $10,000 for emotional pain and mental anguish where plaintiff found to be merely "very upset" about demotion and plaintiff had not required counseling or medication of any sort); *Hetzel v. County of Prince William,* 89 F.3d 169 (4th Cir.1996) (setting aside award of $500,000 where emotional damages were based on plaintiff's own conclusory statements and plaintiff did not seek medical care).

Copr. © West 2004 No Claim to Orig. U.S. Govt. Works

The Court is persuaded that the jury award is not excessive in light of the evidence and the law, and accordingly, the Court will deny defendants' motion on this ground.

### C. *Qualified Immunity on Count I*

[8] Finally, defendants renew their argument that Mullineaux should be entitled to qualified immunity on Count I. The Court finds no reason to disturb the jury's findings in this regard. A jury could have reasonably concluded from the evidence that Mullineaux, as the personnel officer in the State's Personnel Management Division, should have recognized that she was applying a gender neutral leave statute in a discriminatory manner by making only men prove they are the primary care givers to a newborn or adopted child. Relying on an administrative specialist in the Maryland State Department of Personnel, rather than the Director, for the critical interpretation of a new state leave law and by applying gender-based presumptions supports a finding of unreasonable action by a personnel administrator.

Moreover, the evidence supports the jury's distinction between Mullineaux and **\*361** the other supervisory defendants because it was reasonable for the MSP officers to rely on the advice of their personnel officer. A jury could have found that Mullineaux acted unreasonably and misled the other defendants to follow a discriminatory policy. Finally, the jury could have believed TFC Knussman's testimony regarding the insensitive comments allegedly made by Mullineaux. The fact that Mullineaux may have applied widely-held stereotypical assumptions and understandings of parenting does not make it reasonable to act according to those assumptions and violate the basic tenants of equal protection law. The Court finds that the jury's verdict on Count I as to Mullineaux is reasonably supported by the evidence, and accordingly, the Court will deny defendants' motion on this ground. [FN4]

> FN4. The Court entered judgment for damages jointly and severally as to both counts in accordance with the jury's special verdict, and accordingly, in light of the Court's ruling barring damages against the remaining defendants under Count II, Mullineaux is liable alone for the entire $375,000 verdict.

### IV.

For all the foregoing reasons the Court will grant in part and deny in part defendants' Motion for Judgment, or in the Alternative, for a New Trial. A formal Order and an Amended Order of Judgment will be entered in conformity with this Opinion.

65 F.Supp.2d 353, 5 Wage & Hour Cas.2d (BNA) 1005

END OF DOCUMENT