IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

HOWARD KEVIN KNUSSMAN          *

    v.                          *     CIVIL NO. B-95-1255

STATE OF MARYLAND, et al.      *

  *    *    *    o0o    *    *

MEMORANDUM OPINION

Presently pending before this Court is the plaintiff's Motion and Supplemental Motion for Attorneys' Fees and Expenses filed on behalf of Howard Kevin Knussman (Papers 129 and 176). Having established the liability of the defendants, the plaintiff's attorneys now petition the Court for an interim award of attorneys' fees and expenses.

I.

On April 28, 1995, Trooper First Class "TFC" Howard Kevin Knussman and his wife, Kimberly Ann Knussman, filed a three-count complaint on behalf of themselves and their infant daughter Riley Paige Knussman, against defendants State of Maryland ("State", Maryland State Police "MSP"), Colonel David B. Mitchell, Captain David Czorapinski, First Sergeant Ronnie P Creel, and Jill D. Mullineaux. Plaintiffs alleged violations of the Fourteenth Amendment and 42 U.S.C. § 1983 (Count I), the Family and Medical Leave Act of 1993 ("FMLA" 29 U.S.C § 2601

et seq., and 42 U.S.C. § 1983 (Count II), and the Maryland Equal Rights Amendment (Count III). Plaintiffs voluntarily dismissed Count III on November 8, 1995

On August 2, 1996, the Court granted in part and denied in part defendants' motion to dismiss  The Court found that Kimberly and Riley Knussman were not proper plaintiffs to the lawsuit and the Court dismissed the MSP because it is not a "public agency" as defined in § 2611(4)(A)(iii  of the FMLA. Knussman v. State of Maryland, 935 F  Supp. 659, 662, 664-68 (D. Md. 1996). The Court further dismissed Count I as to the State and the individual defendants acting in their official capacities in so far as it sought monetary damages. Id. at 664.

On January 31, 1997, the Court granted plaintiff's motion to add to his complaint (1  a claim of retaliation based on an involuntary transfer, and (2) a new defendant - Captain Donald G Lewis - who ordered the allegedly retaliatory transfer  On August 13, 1998, on cross-motions for summary judgment, the Court ruled that Congress did not foreclose FMLA enforcement by actions brought under 42 U.S.C. § 1983, that qualified immunity was appropriate for all the individual defendants on the FMLA claim, that qualified immunity was not appropriate on the Equal Protection claim, and that plaintiff failed to establish a prima

facie                                    he FMLA    Knussman v. State of
Maryland           up           Md

it in part  The Court found that the State and the individual defendants in their official capacities could not be liable for monetary damages. Accordingly, the Court amended its original judgment and entered judgment in favor of Knussman in the amount of $375,000.00, holding Mullineaux individually liable for the entire damages verdict

On October 4, 1999, Mullineaux, Creel, Czorapinski, Mitchell and the State of Maryland filed their notice of appeal. The Fourth Circuit affirmed in part and vacated in part the judgment of the district court and remanded the case for further proceedings. The Court of Appeals affirmed the liability of Mullineaux, but vacated the $375,000.00 damage award as excessive. See <u>Knussman v. State of Maryland</u>, 272 F.3d 625 (4th Cir. 2001).

The plaintiff originally filed a petition for attorneys' fees and expenses on March 26, 1999. However, due to the defendants' appeal, the Court administratively closed the plaintiff's motion subject to being reopened after the conclusion of the appeal process. On March 5, 2002, Knussman filed a Supplemental Fee Petition. These petitions are currently before the Court

II.

42 U.S.C § 1988 authorizes district courts "to award a reasonable attorney's fee to prevailing parties in civil rights litigation." Hensley v. Eckerhart, 461 US 424, 429 (1983) A plaintiff is the prevailing party if the resolution of the lawsuit changes the legal relationship between itself and the defendant. See Texas State Teachers Assoc. v. Garland Independent School District, 489 U.S. 782, 792 (1989). "[T]he degree of the plaintiff's success in relation to the other goals of the lawsuit is a factor critical to the determination of the size of a reasonable fee, not to the eligibility for a fee award at all." Id., at 790. The burden is on the fee applicant to establish that it is entitled to a fee award. See Hensley, 461 US at 437

Having obtained prevailing party status brings the plaintiff over the § 1988 threshold, but it is for the district court to determine a reasonable fee. See Hensley, 461 US at 429. The lodestar approach will normally generate the reasonable attorney's fee required by § 1988. Buffington v. Baltimore County, Maryland, 913 F. 2d 113, 127 n 11 (4th Cir. 1990). To determine the lodestar, a court must multiply the number of hours reasonably spent on the litigation by a reasonable hourly rate See id. When determining a reasonable attorney's fees under

5

§ 1988, a court must consider twelve factors. See <u>Trimper v. City of Norfolk, Virginia</u>, 58 F.3d 68, 73-74 (4th Cir. 1995). The twelve factors are:

> 1) the time and labor required to litigate the suit; 2) the novelty and difficulty of the questions presented by the lawsuit; 3) the skill required properly to perform the legal service; 4) the preclusion of other employment opportunities for the attorney due to the attorney's acceptance of the case; 5) the customary fee for such services; 6) whether the fee is fixed or contingent; 7) time limitations imposed by the client or the circumstances; 8) the amount in controversy involved and the results obtained; 9) the experience, reputation, and ability of the attorney; 10) the "undesirability" of the case; 11) the nature and length of the attorney's professional relationship with the client; and 12) awards in similar cases.

<u>Id.</u> at 73. When calculating the lodestar, a court should also exclude hours that were not reasonably expended, are excessive, redundant, or otherwise unnecessary. See <u>Hensley</u> at 434. If payment of fees is delayed, a court may apply current rather than historic hourly rates when determining an appropriate hourly rate for the attorneys in the litigation. See <u>Missouri v. Jenkins</u>, 491 U.S. 274, 284 1989). Finally, the Fourth Circuit has held that § 1988 allows reimbursement of "litigation expenses such as secretarial costs, copying, telephone costs and necessary travel." <u>Trimper</u>, 58 F.3d at 75

A fee should not be reduced simply on the basis that the plaintiff did not prevail on every claim. See Hensley, 461 US at 435. The Supreme Court has explicitly rejected the notion that a court may calculate an award of attorney's fees by means of purely mathematical comparison between the number of claims pressed and the number prevailed upon. See Brodziak v. Runyon, 145 F.3d 194, 196 (4th Cir. 1998) When a civil rights plaintiff brings claims that involve a common core of facts or that are based on related legal theories, a court must not view the lawsuit as a series of discrete claims  See Hensley, 461 US at 435; Abshire v. Walls, 830 F.2d 1277, 1282 (4th Cir 1987) Instead, the district court should "focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." Id. at 1282-1283. When a plaintiff has achieved only limited success, "the district court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success." Hensley, 461 US at 436-437  However, if a plaintiff brings claims that are unrelated  i.e. claims that do not involve a common core of facts or are based on unrelated legal theories), the unrelated claims must "be treated as if they had been raised in separate lawsuits, and therefore no fee may be

7

panel rehearing, and that the plaintiff's overall success was minimal. The Court first notes that contrary to the defendants' assertions, a court may not calculate an award of attorney's fees by means of purely mathematical comparison between the number of claims pressed and the number prevailed upon. See Brodziak v. Runyon, 145 F.3d 194, 196 (4th Cir. 1998). The Court also rejects the notion that the plaintiff was only minimally successful in this case. Due to the plaintiff's efforts, the jury found that multiple defendants violated the law, the Court imposed injunctive relief, and the Court determined that Knussman is entitled to substantial monetary damages of $40,000.00.[2]

The Court will, however, address the defendants' specific arguments in this area. The defendants first asserts that the plaintiff's attorneys fees should be reduced because two of the original plaintiffs lacked standing and because the plaintiff did not prevail on his first retaliation claim. The dismissal of two of the original plaintiffs does not warrant a reduction of the fee sought. Kimberly Knussman and Riley Paige Knussman's standing was a minor, related legal issue in this case and the

---

[2] The fact that the jury awarded damages of $375,000.00, which was found by the Court of Appeals to be excessive, resulting in the vacating of the award, has no bearing on the determination of who was the prevailing party in this case.

expenditure of time by the plaintiff's attorneys on this issue was minimal and reasonable

The Court, however, does find that the expenditure of by the plaintiff's attorneys pursuing the meritless claim of retaliation asserted in the February 3, 1997 amended complaint and dismissed by the Court on August 13, 1998, was unreasonable Furthermore, the Court accepts as reasonable the defendants' calculation of the amount of time the plaintiff spent on the retaliation claim and will therefore deduct $17,552.20 from award of fees sought by the plaintiff.

The defendant also argues that the plaintiff's fee should be reduced because the plaintiff did not prevail on any claims against Mitchell. The defendants' argument regarding the claim against Mitchell is without merit  While the jury did grant Mitchell qualified immunity, it also found that he had discriminated against Knussman on the basis of his gender. Both declaratory and injunctive relief were directed at Mitchell Moreover, the plaintiff's claims against Mitchell were intertwined with his successful claims against the other defendants and, therefore  no reduction is warranted

The defendants also request that the Court not compensate the plaintiff for the time his attorneys devoted to his motion to enforce judgment  After the trial, the defendants questioned the

10

plaintiff's ability to function as a paramedic and ordered the plaintiff to undergo a fitness for duty evaluation. Knussman contested the defendants' order and filed a motion of enforce judgment  The defendants eventually allowed Knussman to return to work without a fitness evaluation and the plaintiff voluntarily withdrew his motion. Contrary to the defendants' arguments, the defendants' insistence that the plaintiff undergo a psychiatric examination spurred the plaintiff to file this motion and Knussman's attorneys should be compensated for their efforts. However, the Court finds that the amount of time the plaintiff's attorneys spent on this motion was unreasonable  Knussman's attorneys spent a total of 234.67 hours on this issue and they seek $57,246.80 in fees. Mandelbaum, Jeon and Cockey all worked on the plaintiff's motion to enforce judgement. The Court, however, finds that the plaintiff did not require the assistance of out of town counsel at this point in the litigation and that Jeon and Cockey spent an unreasonable amount of time on this issue. Accordingly, the Court concludes that the 45.02 hours billed by Mandelbaum was not reasonable and that Jeon and Cockey's fees should be reduced by one-half. For all of the reasons stated above, the Court will reduce the fees sought by the plaintiff in this regard by $34,025.80, but no reduction in

expenses is deemed appropriate since none relates to Mandelbaum services at this time.[3]

In addition to objecting to the size of the plaintiff's requested fee on the grounds that the plaintiff was not prevailing party on all claims, the defendants also argue that the plaintiff's attorneys request fees that are excessive, unnecessary, duplicative, and unsubstantiated. The defendants argue that the plaintiff was only entitled to have one attorney present at every hearing or meeting and, therefore, can recover fees for all attorneys when multiple attorneys were present  However, this case involved complex civil rights litigation and it was reasonable for the plaintiff to be represented by an expert in civil rights (Jeon) and an experienced litigator (Cockey  The involvement of Jeon and Cockey, however, made the involvement of Mandelbaum, New York counsel, in the case excessive, and the Court will reduce Mandelbaum's fee by one-half. Accordingly, in this regard the Court will reduce the plaintiff's fee request by $65,172.00.[4]

---

[3] The defendants also argue that the plaintiff's fee should be reduced because on appeal he did not prevail on his petition for rehearing. However, this argument is moot because the plaintiff's attorneys have voluntarily subtracted the time spent on the petition for rehearing from their fee request.

[4] Adjustment has been made for disallowance of Mandelbaum fees earlier in this Opinion.

Furthermore, in light of the fact that the plaintiff was represented by three attorneys at trial, the Court finds that the services of a paralegal at trial was unnecessary and excessive. The Court will, therefore, reduce the plaintiff's fee request for this reason by $8,730.00

Finally, the plaintiff seeks to be reimbursed for $100.00 spent on pro hac vice applications   Expenses related to pro hac vice applications are properly those of the attorney, not the client, and therefore are not valid expenses that should be recovered under § 1988 in this case.  Accordingly, $100.00 will be deducted from the plaintiff's request for expenses.

While the defendants believe that the plaintiff has included additional excessive, unnecessary, duplicative or unsubstantiated fees and expenses, the Court concludes that these arguments are without merit   For all of the reasons stated above, the Court finds that the plaintiff is entitled to $566,897.30 in fees and $59,151.99 in expenses for a total of $626,049.29

IV.

For all the foregoing reasons the Court will grant in part plaintiff's fee requests.  A formal Order will be entered in conformity with this Memorandum Opinion.

August 26, 2002

_____
Walter E. Black, Jr.
Senior Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

HOWARD KEVIN KNUSSMAN

\* CIVIL NO. B-95-1255

STATE OF MARYLAND, et al.      \*

\*   o0o   \*   \*   \*

O R D E R

In accordance with the Court's accompanying Memorandum Opinion, IT IS, this 26TH day of August, 2002, by the United States District Court for the District of Maryland,

ORDERED:

(1  That Plaintiff's Petition for Award of Attorneys' Fees and Expenses (Paper 129) and Plaintiff's Supplemental Fee Petition (Paper 176), filed on behalf of the plaintiff, Howard Kevin Knussman, for attorneys' fees and expenses incurred through March 5, 2002, ARE, GRANTED IN PART;

(2) That defendants shall pay to plaintiff an interim award of attorneys' fees and expenses in the amount of $626,049.29; and

(3) That the Clerk shall mail a copy of this Order forthwith to counsel of record

_____
Walter E. Black, Jr.
Senior Judge