IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

HOWARD KEVIN KNUSSMAN, *et al.*,       *

    Plaintiffs,       *

v.       *       Civil Action No. AMD-95-1255

STATE OF MARYLAND, *et al.*,       *

    Defendants.       *

### AFFIDAVIT OF BETTY STEMLEY SCONION

I, Betty Stemley Sconion, having been duly sworn in accordance with the law, and being over the age of 18, having personal knowledge of the facts set forth herein, and being in all respects competent to testify as a witness, hereby state as follows:

1  I have been a practicing attorney since December 1982 and admitted to the U.S. District Court for the District of Maryland in 1994. I have been counsel to the Maryland State Police since December, 1988 representing it and its agents in litigation in state and federal court. Amongst those cases, I have represented the Maryland State Police and all of the Defendants in the above captioned case since it was filed on April 28, 1995.

2. The allegation that counsel for the Defendants have taken any steps to delay the process of this case are patently untrue as counsel has sought diligently to afford Plaintiff fair treatment throughout the case. As noted in Defendant's Opposition to Plaintiff's Petition for Attorney's Fees and Supplemental Position (Docket #182) filed April 29, 2002, Defendants offered to Plaintiff leave available under the Family and Medical Leave Act, without limiting his ability to proceed with the case. However, Plaintiff refused to do so. Regrettably,

undersigned counsel was tardy in responding to some discovery requests. However, the delay was not obstructionist in nature. The initial delay was due to the fact that Plaintiff sought discovery while Defendants' Motion to Dismiss was pending, which under the then existing Local Rule 104.4 created an automatic stay of discovery. The Court agreed with that reading of the Local Rule in its Order of April 10, 1996 (Docket #32). Thereafter, Defendants' counsel was inundated with first, second and third sets of interrogatories (which sometimes exceeded the 25 interrogatory per person limit) and requests for production of documents to the five separate Defendants. On one occasion when I sought an extension and was orally give one by Robin Cockey, another counsel, Deborah Jeon, withdrew the orally agreed upon extension.

Also, Plaintiff's use of three attorneys made litigation difficult. While Plaintiff used at least three attorneys throughout the case, Defendants were, for a period of four months, represented by only one attorney, myself, who was directed among Plaintiff's three attorneys for various points. When I contacted one of Plaintiff's attorneys for an answer, that attorney would often direct me to another attorney for an answer or would request time to consult with the other attorneys before any answer could be given. The constant telephone consults among Plaintiff's attorneys is well documented in their billing records.

3. The allegation that Plaintiff was successful in obtaining all he sought as a result of the litigation is equally unfounded. First, the leave he obtained in the March 1999 award was nothing more than the leave he was offered in September 1995 that he had accrued as a State Trooper. Second, the injunctive relief he was awarded was nothing more than what was

required by the law. Prior to trial of the case, Defendants had taken steps to insure that the Maryland State Police had implemented each requirement of the FMLA, thus, when the Court said it was ordering what the MSP was already doing, counsel for Defendants made no further objection. Most important, defendants succeeded to a great extent on their Motion to Dismiss, Motion for Summary Judgment, post-trial motion, and on appeal. Defendants were also successful in part or in whole or in portion many of the other areas in which Plaintiff has claimed success.

4. Plaintiff was not successful in his pursuit of an injunction after the trial. Plaintiff filed a Motion and Amended Motion to Enforce Injunction; however, on June 18, 1999, the Court entered an Order noting that the Motion was withdrawn. Plaintiff's Motion to Enforce was filed because, based on Plaintiff's testimony that he had considered suicide and had rendered treatment to patients that he could not recall, the State Police permitted Plaintiff to return to duty but not to resume paramedic duties. Pursuant to its usual practice in operating its air medical transportation program, the State Police required Plaintiff to undergo a fitness for duty evaluation before returning to work as a flight paramedic. After repeated requests by the State Police, Plaintiff refused to see the psychiatrist MSP referred him to and refused to select another psychiatrist to examine him. When the State Police learned that Plaintiff was still under the care of a psychiatrist, he was deposed and, during the deposition, asked all the questions that would be asked during a fitness for duty evaluation using the essential job functions for Plaintiff's position. This then was the requisite evaluation. From that deposition, the State psychiatrist opined that Plaintiff was fit for duty and MSP invited Plaintiff to return to work. Thereafter, Plaintiff withdrew his Motion.

*Betty S. Sconion*
Betty Stemley Sconion
Assistant Attorney General

STATE OF MARYLAND, COUNTY OF BALTIMORE, to wit:

I HEREBY CERTIFY that on this 23rd day of April, 2004, before the subscriber, a Notary Public of Maryland, personally appeared Betty Sconion and he made oath in due form of law that the matters and facts contained in the foregoing Affidavit are true and correct, and he acknowledged the Affidavit to be his act.

WITNESS my signature and Notarial seal.

*Kathleen M. Jackson*
Notary Public

My commission expires: April 1, 2005