# EXHIBIT 14

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
### (Northern Division)

H. KEVIN KNUSSMAN,                          *

      Plaintiff,                          *

v.                                          *    Civil Action No. AMD-95-1255

STATE OF MARYLAND, *et al.*,                *

      Defendants.                        *

   *   *   *   *   ooo0ooo   *   *   *   *

## DECLARATION OF STEPHEN B. LEBAU

I, STEPHEN B. LEBAU, hereby declare and affirm under penalties of perjury:

1.      I am over the age of eighteen (18) and am competent to testify to the facts and matters contained in this Declaration.

2.      I have been a member of the Illinois Bar since 1985 and the Maryland Bar since 1988. Beginning in 1988, I worked first as an associate in the Litigation Department of Piper & Marbury, then with the Law Offices of Kathleen Cahill, and now as a managing partner of the law firm of Lebau & Neuworth. My practice includes civil rights, employment and employee benefits litigation.

3.      I am generally familiar with the case initially brought on behalf of Trooper Knussman against the State of Maryland and Maryland State Police officials for their refusal to allow him to take parental leave because of his gender. I understand that plaintiff is petitioning the Court for an award of attorneys' fees and costs following remand of the case from the Fourth Circuit.

4.      As a plaintiffs' employment attorney, I consider an award of $40,000 in damages for emotional distress to a plaintiff who suffered little or no economic damages to be an extremely good result.

5.      I have been informed that plaintiff is seeking attorneys' fees at $275 per hour for three attorneys who graduated from law school in 1986 and for one who graduated in 1980, all of whom have extensive experience with civil rights case.

6.      I am generally familiar with the rates charged by plaintiffs' counsel in federal civil rights and employment litigation in the Baltimore region. The rates sought by the plaintiff in this case are consistent with the customary rates charged in civil rights matters by plaintiffs' attorneys with comparable skills and experience levels in Baltimore.

7.      Andrew Freeman and Deborah Jeon are both very well-respected in the legal community for their outstanding experience and record of success in federal civil rights litigation. Brown, Goldstein & Levy and the ACLU of Maryland both have reputations in the legal community as leading advocates for public interest and civil rights cases in the State of Maryland.

8.      Most experienced civil rights attorneys in Maryland would not have accepted this case because of the high risk of not recovering their fees. Experienced civil rights attorneys in Maryland are reluctant to file cases against governmental entities because the time and cost of litigating such cases can be very high and because court-awarded attorneys' fees rarely compensate plaintiffs' attorneys fully for their work on employment discrimination cases, even in cases in which they prevail. In addition, the likelihood of economic recovery in civil rights cases against the government, even after years of investing time and money in the litigation, has been

reduced by the Fourth Circuit and the Circuit and Supreme Court's abolition of the catalyst theory of recovery for attorneys' fees.

I declare under penalty of perjury that the foregoing is true and correct.

May 19, 2004

_____
Stephen B. Lebau

3