# EXHIBIT 19

COCKEY,
BRENNAN &
MALONEY, P.C.

ATTORNEYS &
COUNSELORS AT LAW

SUITE 305
PLAZA GATEWAY BUILDING
116 WEST MAIN STREET
SALISBURY, MD 21801
410.546.1750
FAX: 410.546.1611

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | |
|---|---|
| H. KEVIN KNUSSMAN, ) | |
| *Plaintiff,* ) | |
| ) | |
| v. ) | Civil Action No. B-95-1255 |
| ) | |
| STATE OF MARYLAND, *et al.* ) | |
| ) | |
| *Defendants.* ) | |

\* \* \* \* \* \* \*

## MEMORANDUM IN SUPPORT OF
## RESPONSE TO MOTION TO STAY ENFORCEMENT OF JUDGMENT

The salient feature of this case's present posture is the fact that only one Defendant, Jill Mullineaux, remains personally answerable for the full amount of the money-judgment. Defendants have asked the Court to stay enforcement of the judgment against Ms. Mullineaux pending an appeal prosecuted on behalf of all Defendants.

Under Federal procedure and under the procedural rules followed by most states, a judgment becomes enforceable upon entry and remains so during the pendency of any appeal. Under Federal Rule of Civil Procedure 62, the court upon motion may entertain a stay. It is, of course, discretionary with the court whether to grant a stay; ordinarily, when that discretion is exercised to allow a stay, the stay is conditioned upon the posting of a supersedeas bond in an amount sufficient to cover the amount of judgment and costs. Under Local Rule 110, the requirement of a bond is waived for the State, its agencies and agents; the rationale, of course, is that the State and its agencies and agents are sufficiently endowed with public funds to pay judgments and awards, so that the risk to Appellant of the judgment becoming devalued by the financial vicissitudes of the judgment-debtor is eliminated.

This case, however, (and not for the first time in its history) departs from the norm: Here, though the state requests a stay of judgment, and points out it is not required to post a supersedeas bond, it has extended no assurances it will indemnify or even entertain indemnifying its agent, Ms. Mullineaux. Both in her statements to the press and to Plaintiff's counsel, defense counsel Betty Sconion has refused to provide assurances of eventual indemnification and has even suggested that

COCKEY,
BRENNAN &
MALONEY, P.C.

ATTORNEYS &
COUNSELORS AT LAW

SUITE 305
PLAZA GATEWAY BUILDING
116 WEST MAIN STREET
SALISBURY, MD 21801
410.546.1750
FAX: 410.546.1811

indemnification is unlikely. Ms. Sconion's statements have been invariably coupled with grave assessments of Ms. Mullineaux's precarious financial condition and warnings of her possible bankruptcy. In short, this is not the usual situation following litigation against the State in which the resulting judgment is enforceable directly against the State or a State agency or against a State agent reasonably assured of indemnification; instead, this is a situation in which the State on the one hand proclaims it has no responsibility either to pay the judgment or to indemnify Ms. Mullineaux, and on the other hand blandly assures the Plaintiff there is no need to press enforcement of the judgment against Ms. Mullineaux because she is a State agent.

Under the circumstances, Plaintiff would be recklessly imprudent were he not to quickly assess Ms. Mullineaux's financial condition through an oral examination and to begin what could prove the lengthy and laborious process of collecting the judgment from her financial resources. And while Defendants profess indignation about Plaintiff's seeking to enforce a judgment against Ms. Mullineaux, and shed crocodile tears on her behalf, in truth, the relation between Plaintiff and Ms. Mullineaux is simply that of judgment-creditor and judgment-debtor; if the State wishes to protect the judgment-debtor from the proceedings normally attendant upon such a relationship, the State need only extend some reasonable assurance of eventual indemnification. (Perhaps the State will do so upon recollection of its declared commitment to indemnification, to the effect that, "as a matter of State policy, it is essential to protect from liability State personnel who are acting within the scope of public duties and responsibilities." SG §12-403(5).)

Under the peculiar circumstances of this case, staying enforcement of the judgment against the individual Defendant seems likely to impair Plaintiff's eventual collection prospects. Accordingly, no stay should be imposed, and it is respectfully requested this Honorable court deny Defendants' Motion to that effect.

ROBIN R. COCKEY
Federal Bar. No. 02567
COCKEY, BRENNAN & MALONEY, PC
116 West Main Street
Suite 305
Salisbury, MD 21801
(410) 546-1750
Attorneys for Plaintiff

COCKEY,
BRENNAN &
MALONEY, P.C.

ATTORNEYS &
COUNSELORS AT LAW

SUITE 305
PLAZA GATEWAY BUILDING
116 WEST MAIN STREET
SALISBURY, MD 21801
410.546.1750
FAX: 410.546.1811

_____
DEBORAH A. JEON
American Civil Liberties Union of Maryland
100 North Liberty Street
Centreville, Maryland 21617
(410) 758-1975
Attorneys for Plaintiff


_____
SARA L. MANDELBAUM
American Civil Liberties Union
Foundation
125 Broad Street
New York, NY 10004
(212) 549-2645
Attorneys for Plaintiff