IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

HOWARD KEVIN KNUSSMAN, :
Plaintiff :
:
v. : CIVIL NO. AMD 95-1255
:
STATE OF MARYLAND, et al., :
Defendants :

...o0o...

MEMORANDUM OPINION

This case is here on remand from the Fourth Circuit Court of Appeals for the purpose of *reducing* the award of attorneys' fees to plaintiff that was previously ordered by the Honorable Walter E. Black, who has retired. The case has been reassigned to me. The somewhat tortured procedural history of this litigation has been amply documented and need not be repeated here. *See Knussman v. State*, 935 F. Supp. 659 (D. Md. 1996); *Knussman v. State*, 16 F. Supp. 2d 601 (D. Md. 1998); *Knussman v. State*, 65 F. Supp.2d 353 (D. Md. 1999); *Knussman v. Maryland*, 272 F.3d 625 (4th Cir. 2001); *Knussman v. Maryland*, 73 Fed. Appx. 608, 2003 WL 22023194 (4th Cir. Aug. 27, 2003).

In sum, plaintiff Howard Kevin Knussman, his wife and daughter, filed suit against the State of Maryland, the Maryland State Police, State Police Superintendent Col. David B. Mitchell, Lt. Col. David Czorapinski, Lt. Ronnie Creel, and Jill Mullineaux, a civilian employee of the State Police. The four individual defendants were all sued in their official and personal capacities. The claims against the defendants included substantive and retaliatory violations of the Equal Protection guarantee of the Fourteenth Amendment; the

Family and Medical Leave Act, 29 U.S.C. §§ 2601-2654; and the Maryland Declaration of Rights, and arose out of the denial of family leave to Knussman upon the birth of his daughter. Ultimately, after most of the defendants prevailed on either summary judgment or upon the initial appeal to the Fourth Circuit, and after a jury had found that defendant Mullineaux violated Knussman's right to equal protection in that she denied him requested leave on the basis of gender, Judge Black, sitting without a jury, awarded damages to Knussman in the amount of $40,000. Judge Black also granted certain declaratory and injunctive relief against Mullineaux and other defendants. Thereafter, plaintiff sought attorney's fees in the amount of $688,227.30 plus $59,251.99 in expenses, or a total of $747,479.29. Judge Black awarded total fees and expenses in the amount of $693,531.47. The Fourth Circuit found this to be excessive, 73 Fed. Appx. 608, 2003 WL 22023194 (4th Cir. Aug. 27, 2003), and has remanded the case for a reduction in the award.[1]

I urged the parties to mediate plaintiff's claim for fees with the assistance of a Magistrate Judge. The defendants rebuffed my efforts. Then, against the wishes of the parties, I directed plaintiff to file an amended application for fees and ordered the parties to submit further briefing on the issues. That has been done. Disappointingly, but perhaps predictably given the contentious history of this litigation, the parties have been only marginally helpful in their fresh submissions to me. Despite the unequivocal direction from

[1]Contrary to plaintiff's contention, the Fourth Circuit directed this court to reconsider the previous award of costs as well as attorney's fees. *See Knussman v. Maryland*, 73 Fed. Appx. 608, 2003 WL 22023194, *8 (4th Cir. Aug. 27, 2003) ("[W]e remand for the district court to determine the appropriate amount of fees *and costs* in light of our opinion.") (emphasis added).

the Fourth Circuit that a "significant reduction" in fees is required to arrive at a reasonable fee award, Knussman has submitted a revised fee petition seeking a total of $455,950.62 in fees and costs of 56,353.66[2] In contrast, defendants have asserted, in an extraordinarily simple-minded display of bad faith, that fees and expenses should be awarded in the amount of $75,515.64. *See Brodziak v. Runyon*, 145 F.3d 194, 197 (4th Cir. 1998) ("[T]he [Supreme Court] explicitly rejected the notion a court may calculate an award of attorneys' fees by means of a purely mathematical comparison between the number of claims pressed and the

---

[2]To be sure, plaintiff has made numerous deductions in the number of attorney hours for which he seeks compensation. He has attempted in good faith to set forth the reasons why he should be compensated for 1658 hours of attorney time, payable at (an increased) rate of $275 per hour. This request includes 500 hours plaintiff argues should be subject to no reduction whatsoever based on defendants' "tenacious defense" tactics. One difficulty with this latter assertion, however, is that plaintiff has not been entirely clear as to exactly which *unsuccessful* claims he is seeking compensation for on this basis. Regardless of defendants' "tenacious tactics," if plaintiff did not prevail on a claim, he is not entitled to an award of fees. The fact that plaintiff may have prevailed on one or more motions is of no moment if, at the end of the day, he did not prevail on the claim underlying the disputed motion. The Fourth Circuit has made clear that, at least under the circumstances presented here, battles won in a war that is lost are non-compensable.

Relatedly, plaintiff also emphasizes the injunctive relief which he obtained, and argues in effect that because the injunction prohibiting retaliation and mandating that he receive delayed parental leave issued against defendants who prevailed on the damages issues, he should be treated as if he enjoys "prevailing party" status as to those defendants. In my view, such an approach to my task of reducing the fee award is foreclosed by the remand opinion.

In any event, while I would otherwise be convinced that compensation for 1045 hours of attorney time would be within the bounds of what is reasonable in this case, for the reasons stated in text, I am persuaded that the Fourth Circuit has transmitted an unmistakable signal that an award of more than $220,000 would exceed the bounds of reasonableness under the facts and circumstances here, and thus I reduce the previous award to that amount (equating to 880 attorney hours at an hourly rate of $250).

number prevailed upon, observing that '[s]uch a ratio provides little aid in determining what is a reasonable fee in light of all the relevant factors.'" (citation omitted)).[3]

Close attention to the Fourth Circuit's opinion reveals that it is a pointed direction to this court to effect a "significant reduction" in the extant fee award. First, in rejecting Judge Black's reasoning, the Court held that a judgment in favor of a defendant on the basis of qualified immunity was no less a complete victory for that defendant than a jury verdict on the merits of an alleged violation:

> The fact that the jury found that defendants other than Mullineaux had violated the law does not mean that Knussman was successful for purposes of determining an appropriate fee. Indeed, "where a defendant has not been prevailed against, either because of legal immunity or on the merits, § 1988 does not authorize a fee award against that defendant.

*Knussman v. Maryland*, 73 Fed. Appx. 608, 2003 WL 22023194, *6 (4th Cir. Aug. 27, 2003) (emphasis added). Next, the Court made clear that plaintiff's myriad claims were, in its view, clearly divisible, and that plaintiff's limited success against one defendant did not support plaintiff's contention that the claims against all defendants were inextricably intertwined:

> Knussman proceeded to trial with the opportunity for monetary relief against the four employees in their individual capacities, but ultimately failed as to the three defendants who were awarded qualified immunity. In our view, Knussman's single successful claim for monetary relief against Mullineaux did not share a core of common facts with his claims against the other individual defendants. *Knussman's attorneys could have developed the facts supporting his claim against Mullineaux without also developing the facts to support his unsuccessful claims against the remaining defendants.*

*Id*.(emphasis added).

---

[3]Defendants arrived at their figure by mechanically applying to the plaintiff's attorney's fee request a proportionate reduction (89.3%) in plaintiff's fee request as Judge Black's damages award bears to the jury award which the Fourth Circuit found to be excessive.

Nor was the Court impressed by, and indeed, it was decidedly unimpressed with, the value of the injunctive relief plaintiff obtained, as well as with the "precedential value" of the litigation:

> We disagree with Knussman's ["claim that the precedential value of the injunctive relief awarded to him benefitted all [State Police] employees and, in particular, fathers who wished to take family or medical leave"] . . . . *[T]he equitable relief that was awarded Knussman, which directed that [the State Police] apply the leave provision equally to both genders, required nothing more than what the [State Police] had already done [during Knussman's grievance proceedings and before he filed suit.]* Moreover, the extent of the precedential value as suggested by Knussman is dubious . . . .

*Id*. at *7 (emphasis added).[4] Moreover, the Court made plain that a "significant reduction" in the fee award was mandated:

> In our view, the end result of Knussman's litigation simply cannot justify such an enormous award of attorney's fees. For the reasons stated previously, we view Knussman's success as limited and not overly significant as a legal matter. Knussman's limited success, then, calls for a significant reduction in his award of attorney's fees.

---

[4]In a supplemental filing, Knussman has sought to fit this case within the parameters of breakthrough civil rights litigation exemplified by the Fourth Circuit's recent affirmance of a significant fee award in *Mercer v. Duke University*, --- F.3d --- , 2005 WL 468506 (4th Cir. March 1, 2005) (affirming attorney's fee award of $350,000 despite jury award of only nominal damages in sex discrimination case under 20 U.S.C. §1681(a)). The Court reasoned that "the legal issue on which the plaintiff prevailed" was "important," *id*. at *6, and that, "[a]lthough Mercer ultimately obtained only limited success on her claim against Duke, the effect of the appellate decisions and jury verdict in her case reaches well beyond Mercer herself. And because Mercer's case served a significant public purpose, we agree with the district court that even though Mercer recovered only nominal damages, her victory is not de minimis or purely technical." *Id*. at *9. *Mercer* is clearly distinguishable from this case, in which the Fourth Circuit stated that "we view Knussman's success as limited and not overly significant as a legal matter." 2003 WL 22023194, at *6. It has not gone unnoticed that the author of the *Mercer* opinion, Judge Traxler, was a member of the panel which remanded this case for a "significant reduction." Ironically, even plaintiff's claim for *reduced fees* in this case exceeds those awarded in *Mercer*.

*Id*. at *8 (footnote omitted). Finally, in what has to be regarded in my judgment as the clearest signal of all as to what the Fourth Circuit actually had in mind as a reasonable fee is its observation in the following footnote of its opinion:

> Knussman was unable to cite a case in which an award of fees analogous to the one he seeks was approved. He suggested *City of Riverside* [ *v. Rivera*, 477 U.S. 561, 574-76 (1986)] might provide such an analogy where the Supreme Court approved an award of $245,456.25 in attorney's fees in an excessive use of force case involving $33,350 in damages against several individual officers. In our view, *City of Riverside*, which does not involve core claims under equal protection principles, is not particularly helpful for comparison.

*Id*. at *8 n.5.

I have carefully considered the parties' contentions and I have examined the record in this case, and in particular, I have studied Judge Black's opinions and orders awarding fees. There is no dispute that Judge Black properly applied the methodology in arriving at an appropriate fee award (before making the reductions deemed necessary by the Fourth Circuit). *See generally Johnson v. City of Aiken,* 278 F.3d 333 (4th Cir. 2002). Under the circumstances, then, of a mandated reduction based on the factors identified by the Fourth Circuit and set forth immediately above, the task before me is simply to determine by what amount the extant award should be reduced.

I am persuaded that the Fourth Circuit's directive that "*City of Riverside* . . . is not particularly helpful for comparison" to the circumstances in this case is an unmistakable signal that a fee in excess of $220,000 in this case would be unreasonable. I am satisfied that, at a reasonable hourly rate for plaintiff's experienced attorneys of $250, an award in that sum, amounting to compensation for 880 hours of attorney time, is a fair and equitable

award, in the light of the Fourth Circuit's remand opinion, and considering that plaintiff prevailed only to the extent of recovering $40,000 in emotional distress damages on a "core claim" asserted under the Equal Protection clause of the Fourteenth Amendment against a single defendant. Furthermore, I am persuaded that an award of expenses in the amount of $24,500 is appropriate and fully consistent with the remand by the Fourth Circuit. An order follows.

March 11, 2005

/s/
Andre M. Davis
United States District Judge